Daniel Garcia
California Bar No. 214087
USDC-EDCA No. 214087
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
Email:  dgarcia@susmangodfrey.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PHI HEALTH, LLC,<br><br>            Plaintiff,<br><br>vs.<br><br>ADVENTIST HEALTH PLAN, INC.; SONORA REGIONAL MEDICAL CENTER; AND XYZ CORP.<br><br>            Defendants. | Case No. |

**COMPLAINT TO CONFIRM ARBITRAL AWARD**

PHI Health, LLC brings this complaint to confirm two arbitration awards entered in PHI's favor ("IDR Award 413037" and "IDR Award 413039" the "IDR Awards") and to enter judgment for PHI in the amount of $26,794.09.

## INTRODUCTION

1. This action is necessary because Defendants have refused to pay to PHI the money that they were ordered to pay in arbitration awards rendered pursuant to the federal No Surprises Act.

2. PHI is an air ambulance company that provides emergency medical transports to patients across the country. PHI transported a patient covered by Defendants. After Defendants refused to pay PHI's billed charges for this service, PHI initiated an arbitration pursuant to the federal No Suprises Act. That Act gives PHI the power to compel group health insurance plans and insurers to participate in binding arbitration over the amount of reimbursement owed. The arbitration is called "Independent Dispute Resolution," or IDR; the arbitrator is called an "IDR entity."

3. The No Surprises Act makes the IDR entity's determination "binding upon the parties involved," and requires the group health plan or insurer to pay what it owes within thirty calendar days after the IDR entity's determination is made.

4. This confirmation action is made necessary because Defendants have failed—for many months—to pay PHI what the IDR entity's determination, and the No Surprises Act, require Defendants to pay for PHI's services.

5. PHI therefore brings this petition, pursuant to the Federal Arbitration Act ("FAA") and the California Arbitration Act ("CAA") to enter an order confirming the IDR awards and judgment against Defendants for the amount of money owed PHI.

## PARTIES

6. PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona. PHI does not have a network contract with Defendants; PHI is thus a "nonparticipating provider" for purposes of the No Surprises Act.

7. Defendant Adventist Health Plan, Inc. ("Adventist Health") is a health insurance

1  company. It is headquartered in Roseville, California, where it can validly be served with process
2  at 2710 Gateway Oaks Drive, Sacramento, CA through their Agent Becky DeGeorge.

3      8.    Defendant Sonora Regional Medical Center ("SRMC") is a hospital and the Plan
4  Sponsor of the health insurance policy of the patient transported by PHI. It is located at 1000
5  Greenley Rd, Sonora, CA 95370. It also does business as Adventist Health Sonora and Adventist
6  Health is its parent organization.

7      9.    If SRMC is not in fact the plan sponsor of the health insurance policy of the patient
8  transported by PHI, then the identity of the plan sponsor is unknown to PHI and this action is instead
9  brought against XYZ CORP. PHI does not know the identity of XYZ CORP. Defendant SRMC
10 and/or Defendant Adventist Health is/are aware of the identity of XYZ CORP. Attached as
11 <u>Exhibit 1</u> and served with this Complaint is PHI's First Set of Interrogatories to Adventist Health
12 to confirm the identification of the Plan Sponsor. Attached as <u>Exhibit 2</u> and served with this
13 Complaint is PHI's First Set of Interrogatories to SRMC to confirm the identification of the Plan
14 Sponsor.

15 **JURISDICTION AND VENUE**

16     10.    This Court has federal question subject-matter jurisdiction over this case, pursuant
17 to 28 U.S.C. § 1331, because this is an action to confirm a federal arbitral award entered pursuant
18 to the federal No Surprises Act, which federal law makes the IDR award "binding" on Defendants
19 and also requires Defendants to pay what is owed within thirty days of the IDR entity's decision.
20 42 U.S.C. §300gg-112(b)(6).

21     11.    Venue is proper in this District because Defendants "reside" here and because a
22 "substantial part of the events or omissions giving rise to the claim occurred" here. 28 U.S.C.
23 § 1391(b).

24     12.    This Court has personal jurisdiction over Defendants because Defendants do
25 significant business in this State and have a significant presence here and because PHI's claims
26 arise out of Defendants' contacts with California.

27     13.    The transport at issue, for which PHI is entitled to payment, occurred in California.
28

14. Defendant Adventist Health sent PHI an "Explanation of Benefits" form giving an address of Adventist Health as PO Box 619031, Roseville, California 95661-9031.

**BACKGROUND ON THE NO SURPRISES ACT**

15. The No Surprises Act creates a federal obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services (which the Act calls "nonparticipating providers") for emergency services rendered to the plans' or insurers' covered members or insureds. Specifically, the group health plan or insurer must pay the out-of-network air-ambulance provider the dollar amount by which the "out of network rate (as defined in section 300gg-111(a)(3)(K) of this title) . . . exceeds the [patient's] cost sharing amount." 42 U.S.C.§ 300gg-112(a)(3)(B).[1]

16. The NSA contains a detailed mechanism for determining what the appropriate "out of network" rate is in each case. If the out-of-network air ambulance provider and the health plan or insurer are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 42 U.S.C. § 300gg-111(a)(3)(K).

17. The IDR process is baseball-style arbitration. Each side (the air ambulance provider and the group health plan or insurer) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be; each party also submits reasons and evidence supporting its offer. *Id.* § 300gg-112(b)(5)(B). The IDR entity considers a number of factors, *see id.* § 300gg-112(b)(5)(C) & (D), and based on those factors "select[s] one of the offers submitted . . . to be the amount of payment," that is, to be the appropriate out-of-network rate for that transport. *Id.* § 300gg-112(b)(5)(A).

18. The IDR entity's "determination" is made "binding" by the NSA, which states:

**(E) Effects of determination**

　　**(i) In general**

---

[1] The No Surprises Act is codified in triplicate in three different parts of the U.S. Code: 42 U.S.C. § 300gg-111 *et seq.*; (the Public Health Service ("PHS") Act); 29 U.S.C. §§ 1185e *et seq.* (ERISA); and 26 U.S.C. §§ 9816 *et seq.* (the Internal Revenue Code "IRC"). For ease of reference, this complaint cites the PHS Act provisions. The other provisions do not differ from the PHS Act provisions in any way that is significant for purposes of this petition.

A determination of a certified IDR entity under subparagraph (A)--

    (I)      shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim; and

    (II)     shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9.

42 U.S.C § 300gg-111(c)(5)(E). The statute just quoted "shall apply" to air ambulance IDR determinations. *Id.* § 300gg-112(b)(D)

19. The group health plan or insurer must make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6).

### THE FACTS OF THIS DISPUTE

20. In 2023, PHI supplied emergency air ambulance transport services to a patient who was a member of Defendants' Plan. The patient's "Cert Number" was A01123265 according to the "Explanation of Benefits" form provided to PHI by Adventist Health.

21. PHI sent Adventist Health a bill for these transportation services. As defined above, Adventist Health is the health insurer of Defendants' Plan.

22. On March 17, 2023, Adventist Health sent PHI an "Explanation of Benefits" form relating to the transport at issue in this case. The insurance verification for the patient stated that the Group Name is Sonora Regional Medical Center, with Group No. 009. The Explanation of Benefits form stated that the Plan was making an initial payment to PHI for the two service codes for this transport. For service code A0431, the Plan was paying $16,085.60. For service code A0436, the Plan was paying $6,864.00 for a total payment of $22,949.60.

23. The Explanation of Benefits form stated that for service codes A0431 and A0436 the patient's "co-pay" and "deductible amount" were both "0.00."

24. Defendants made an initial payment to PHI in the total amount of $16,085.60 for service code A0431 and $6,864.00 for service code A0436, both amounts less than the IDR Awards.

25. On May 31, 2023, PHI initiated IDR proceedings by submitting Notices of Initiation through the federal IDR Portal for the transport at issue in this case. PHI gave valid notice to Adventist Health of the initiation of IDR proceedings.

26. The IDR dispute for service code A0431 was assigned IDR reference number 431037. The IDR dispute for service code A0436 was assigned IDR reference number 431039. The IDR entity assigned to both disputes was National Medical Reviews, Inc. (the "IDR Entity").

27. On October 27, 2023, the IDR Entity transmitted to PHI a Written Payment Determination Notice, which included the "IDR Award" for service code A0431. The IDR Award for A0431 determined that the appropriate out-of-network rate for this transport for service code A0431 is $35,498.89. The IDR Award for A0431 is attached hereto as Exhibit 3.

28. On October 30, 2023, the IDR Entity transmitted to PHI a Second Written Payment Determination Notice, which include a second "IDR Award" for service code A0436. The IDR Award for A0436 determined that the appropriate out-of-network rate for this transport for service code A0436 is 14,244.80. The IDR Award for A0436 is attached hereto as Exhibit 4. The IDR Award for A0431 and the IDR Award for A0436 are together referenced to below as the "IDR Awards."

29. The No Surprises Act obligates Defendants to pay PHI a total amount of $26,794.09 (the "**IDR Award Balance Owed**"), which represents (i) the "out-of-network rates" determined by the IDR Entity and set forth in the IDR Awards; minus (ii) the amount previously paid by Defendants:

| Service Code | IDR No. | IDR Awards | Initial Payments | Cost Sharing | IDR Award Balance Owed |
|---|---|---|---|---|---|
| A0431 | 431037 | $35,498.89 | $16,085.60 | $0.00 | $19,413.29 |
| A0436 | 431039 | $14,244.80 | $6,864.00 | $0.00 | $7,380.80 |
| Total | | | | | $26,794.09 |

30. To date, Defendants have not paid PHI the IDR Award Balance Owed.

COMPLAINT TO CONFIRM ARBITRAL AWARD

# CAUSES OF ACTION
## Count I
## Application to Confirm the IDR Award
## Under the Federal Arbitration Act, 9 U.S.C § 9

31. PHI incorporates by reference the allegations of the preceding paragraphs.

32. The IDR Awards should be confirmed by judgment of this Court pursuant to the FAA, 9 U.S.C. § 9.

33. The IDR Awards are valid and have not been vacated or set aside by any authority.

34. No grounds exist for vacating, modifying, or correcting the IDR Awards.

35. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI, namely, the IDR Award Balance Owed.

## Count II
## Application to Confirm the IDR Award
## Under the California Arbitration Act

36. PHI incorporates by reference the allegations of the preceding paragraphs.

37. The IDR Awards should be confirmed by judgment of this Court pursuant to the California Arbitration Act. *See* California Code of Civil Procedure § 1280, *et seq*.

38. The IDR Awards are valid and have not been vacated or set aside by any authority.

39. No grounds exist for vacating, modifying, or correcting the IDR Awards.

40. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI, namely, the IDR Award Balance Owed.

## Count III
## Implied Right of Action under the NSA

41. PHI incorporates by reference the allegations of the preceding paragraphs.

42. The No Surprises Act ("NSA") includes an implied right of action against Defendants for the amount owed to PHI.

43. Specifically, the NSA requires Defendants to make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR

entity. *Id.* § 300gg-112(b)(6).

44. The NSA thus requires Defendants to pay to PHI the IDR Award Balance Owed for the transport at issue in this case.

## **PRAYER FOR RELIEF**

45. PHI requests that the Court enter final judgment in its favor and against Defendants as follows:

    a. Confirming the IDR Awards pursuant to the Federal Arbitration Act;

    b. Confirming the IDR Awards pursuant to the California Arbitration Act;

    c. Ordering Defendants to pay PHI the amount of $26,794.09, representing the IDR Award Balance Owed;

    d. Ordering the Defendants to pay PHI post-award interest on the IDR Award Balance Owed, from the date of the IDR Awards;

    e. Ordering the Defendants to pay PHI post-judgment interest on the judgment entered by this Court;

    f. Ordering Defendants to pay PHI's attorney fees incurred in this action, the amount of which PHI will prove by separate motion; and

    g. Awarding PHI all other relief to which it may be entitled.

Dated: October 17, 2024

SUSMAN GODFREY L.L.P.

By: */s/ Daniel Garcia*
Daniel Garcia
California Bar No. 214087
USDC-EDCA No. 214087
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3111
Email: dgarcia@susmangodfrey.com

*Counsel for Plaintiff, PHI Health, LLC*